IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANGELA BACHMAN, )
 )
      Plaintiff, )
 )
v. ) 1:10CV263
 )
TOYOTA MOTOR CORPORATION )
and TOYOTA MOTOR SALES, U.S.A., )
INC., )
 )
      Defendants. )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion to dismiss filed by Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS").[1] (Docket No. 5.) Plaintiff has responded in opposition to this motion. (Docket No. 7.) Defendant filed a reply. (Docket No. 11.) This Court heard oral argument on the motion on August 30, 2010. For the reasons stated herein, this Court recommends that Defendant's motion to dismiss be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, along with other parties, filed an action in California state court on August 12, 2009, against TMS and Toyota Motor Corporation raising causes of action for strict product liability, negligence, breach of implied warranty, and misrepresentation.

---

[1] The record in this case shows no service of process upon Defendant Toyota Motor Corporation. *See* Docket No. 1, Notice of Removal, ¶ 4.

(Docket No. 6, Def. Toyota Motor Sales' Mem. in Supp. of Mot. to Dismiss, Ex. A.) Defendants filed a demurrer to all causes of action of the complaint alleging that the plaintiffs' claims were barred by the California borrowing statute which would apply the North Carolina statute of repose. (*Id.*, Ex. C.) The California state court on December 15, 2009, entered judgment in favor of Defendants on their demurrer "for the reasons stated in moving parties' papers." (*Id.*, Ex. F.)

Plaintiff then filed this action in North Carolina state court, and Defendant TMS removed it to this Court on April 2, 2010. (Docket No. 1.) In Count I, Plaintiff claims that Defendants breached express and implied warranties. (Docket No. 3, Complaint ("Compl."), at 4-10.) Count II is for punitive damages. (*Id.* at 11-15.)

Plaintiff Angela Bachman is the personal representative of the estate of her late husband, Jeffrey Bachman. (Compl. at 1.) Jeffrey Bachman purchased a 1998 Toyota 4Runner in early August 2002 in Virginia where he and his family lived. (*Id.* at 3.) From that time the vehicle was used and maintained in Virginia until the time Mr. Bachman had an accident while driving the vehicle in April 2008 in North Carolina. (*Id.*) The Complaint alleges that the 4Runner "unexpectedly, and without warning, began to yaw and roll over on the paved surface of interstate I-95 in Cumberland, North Carolina." (*Id.*) As a result of this accident, Mr. Bachman sustained massive and devastating head injuries which led to his death. (*Id.*) He is survived by his wife and six children. (*Id.*)

## DISCUSSION

### A. Standard

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

### B. Res Judicata

Both parties rely upon *Jaffe v. Accredited Surety and Casualty Co.*, 294 F.3d 584 (4th Cir. 2002) for controlling law regarding the effect of the California state court judgment upon this action. (Docket No. 6 at 6-7; Docket No. 8, Pl.'s Mem. in Opp'n to Def. Toyota Motor Sales' Mot. to Dismiss, at 7, 10.) In *Jaffe*, the Fourth Circuit stated that under the full faith and credit statute, 28 U.S.C. § 1738, the federal courts afford state court judgments the same full faith and credit as the judgments have by law or usage in the courts of such state from which they are taken. *Jaffe*, 294 F.3d at 590. A court applies a two-part test to determine

whether the full faith and credit statute applies. *Id*. First, the court refers to the preclusion law of the state in which the judgment was rendered to ascertain the preclusive effect of the state-court judgment in that state. *Id*. If the law of that state would not bar relitigation of an issue or claim, then a federal court will not give the judgment preclusive effect. *Id*. If state law would afford the judgment preclusive effect, the federal court must engage in the second step of the test and determine whether Congress created an exception to section 1738. *Id*. at 591. Only if federal law provides an exception to section 1738 can a federal court refuse to give a state court judgment the same preclusive effect given it under the law of that state. *Id*.

Courts employ a three-part test under California law to determine if res judicata applies. The test asks whether: (1) the issue decided in the prior action is identical with the issue presented in the action in question; (2) there was a final judgment on the merits; and (3) the party against whom the plea is asserted is a party to or in privity with a party to the prior action. *Levy v. Cohen*, 19 Cal. 3d 165, 171, 561 P.2d 252, 256 (Cal. 1977).

### 1. **Identical issues**

Plaintiff does not dispute that this action presents identical issues to those raised in and considered in the prior California state action. (Docket No. 8.) California applies the "primary rights theory" for res judicata purposes which means that the same cause of action may be expressed under differing legal theories. *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809 (9th Cir. 2007). The same primary right of Plaintiff is involved in both the

California and the present action, namely her right to recovery based upon alleged misconduct by Defendants in manufacturing and marketing the 4Runner in which her husband was fatally injured. Accordingly, the first element of the test is met.

### 2. Same party or in privity

Plaintiff also does not dispute that the third element of the test is met. Plaintiff was a party plaintiff in the California state action. TMS was a party defendant. (Docket No. 6, Ex. 1.) Therefore, the privity element of the test is also satisfied.

### 3. Final judgment on the merits

The second element of the test regarding a final judgment on the merits is the element that Plaintiff disputes. Plaintiff argues that California state law does not give preclusive effect to demurrers "where they are based on reasons, such as time bars, that do not reach the underlying merits of the case." (Docket No. 8 at 7.) Plaintiff relies upon cases holding or at least noting that a demurrer based upon the running of a *statute of limitation* or the lack of subject matter jurisdiction is not a ruling upon the merits in California and, therefore, is not entitled to res judicata effect. *See Koch v. Rodlin Enters., Inc.,* 223 Cal. App. 3d 1591, 273 Cal. Rptr. 438 (Cal. Ct. App. 1990) (statute of limitation); *Lackner v. LaCroix*, 25 Cal. 3d 747, 602 P.2d 393 (Cal. 1979) (statute of limitation); *Finnie v. Dist. No. 1–Pacific Coast Dist., Marine Engineers' Beneficial Assoc.,* 9 Cal. App. 4th 1311, 12 Cal. Rptr. 2d 348 (Cal. Ct. App. 1992) (lack of subject matter jurisdiction).

Defendant TMS points out that none of the authority relied upon by Plaintiff pertains to demurrers granted based upon a *statute of repose*.[2] (Docket No. 11 at 2.) Although Defendant has not located a California decision applying res judicata to a demurrer based upon a statute of repose, it argues that California courts recognize the "substantive" nature of a ruling that a claim is barred by a statute of repose. *See Burroughs v. Precision Airmotive Corp.*, 78 Cal. App. 4th 681, 690, 93 Cal. Rptr. 2d 124 (Cal. Ct. App. 2000). Defendant also relies on authority recognizing the difference between a ruling based on a statute of limitation and one based upon a statute of repose. *See, e.g., Johnson v. Aljian*, 490 F.3d 778 (9th Cir. 2007), *cert. denied*, 552 U.S. 1257 (2008). The *Johnson* court stated that under California law statutes of limitation differ from statutes of repose because the former bar plaintiffs from bringing an already accrued claim after a specified time while the latter terminate a right of action after a specific time, even if an injury has not yet occurred. *Id*. at 781 n.12; *see also Fields v. Legacy Health Sys.*, 413 F.3d 943, 952 n.7 (9th Cir. 2005); *Burroughs*, 78 Cal. App. 4th at 689-90. Because of this substantive nature, Defendant argues that a dismissal based

---

[2] During oral argument, Plaintiff's counsel questioned whether the dismissal in California state court was based upon the North Carolina statute of repose or other bases. The California court dismissed the action based upon the moving parties' papers. (Docket No. 6, Ex. F.) A review of Defendants' motion papers in that action shows that they sought dismissal based solely on the North Carolina statute of repose which was made applicable by the California borrowing statute. (*See id.*, Ex. C.) The Court therefore concludes that the California dismissal was based upon the North Carolina statute of repose.

upon a statute of repose is a decision on the merits for res judicata purposes. (Docket No. 6 at 9-11.)

In general, courts recognize the difference between a statute of limitation and a statute of repose for res judicata purposes because a statute of repose "operate[s] to extinguish not only the right to enforce a remedy but the substantive right itself." *Carroll v. Volkswagen of Am., Inc.*, 789 F. Supp. 217, 219 (S.D. Miss. 1991) (quoting *Crouch v. Gen. Elec. Co.*, 699 F. Supp. 585, 597 (S.D. Miss. 1988)) (finding that Florida statute of repose is substantive and that dismissal of plaintiff's action pursuant thereto was entitled to res judicata effect).

Therefore, pursuant to *Burroughs*, it is clear that California views a statute of repose as substantive in nature. 93 Cal. Rptr. 2d at 131. It is also clear that courts in general treat prior judgments rendered pursuant to a statute of repose as a decision on the merits for res judicata purposes because of this substantive nature. *See Carroll*, 789 F. Supp. 217. Accordingly, Plaintiff's argument that the California judgment should be treated similarly to a ruling based on a statute of limitation rather than a statute of repose is rejected. California courts would find that the California judgment in favor of Defendant TMS was a final judgment on the merits.

### 4. Federal law exception to section 1738

Because California law would bar relitigation of Plaintiff's cause of action against TMS, the only question remaining for this Court is whether federal law provides an exception to the application of the full faith and credit statute, 28 U.S.C. § 1738. *See Jaffe*, 294 F.3d at 590-91. Plaintiff does not contend that such an exception exists. (Docket No. 8.) The Court finds no such exception in this action. Accordingly, Plaintiff's action against TMS is barred by the doctrine of res judicata.

### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss filed by Defendant Toyota Motor Sales, U.S.A., Inc. (Docket No. 5) be granted.

**IT IS FURTHER RECOMMENDED** that this action be dismissed as to Toyota Motor Corporation for failure of Plaintiff to effect service of process within the time permitted by Fed. R. Civ. P. 4(m).

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: October 27, 2010